# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTONIO MAURICE WHITLEY, JR.,

        Plaintiff,                      Civil No. 2:25-cv-14052

v.                                          Hon. Brandy R. McMillion

JPAY LLC, *et al.*,

        Defendants.

_____/

## ORDER SUMMARILY DISMISSING CASE

Plaintiff, Antonio Maurice Whitley, Jr. ("Whitley"), is a Michigan inmate presently incarcerated at the G. Robert Cotton Correctional Facility. Whitley is serving a lengthy sentence for his Wayne Circuit Court conviction of assault with intent to commit great bodily harm and other offenses. *See People v. Whitley*, No. 361530, 2025 Mich. App. LEXIS 2964 (Mich. Ct. App. April 16, 2025). Whitley filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983, seeking damages and release because he is being held in violation of his constitutional rights. *See generally* ECF No. 1. The Court granted Whitley's application to proceed *in forma pauperis*, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). *See* ECF No. 5. For the reasons stated below, the Complaint is **SUMMARILY DISMISSED**, subject to the screening requirements of 28 U.S.C. § 1915(e)(2).

I.

Whitley names nine defendants in his complaint: (1) JPay LLC, (a company responsible for processing prisoner correspondence), (2) Unknown Jensen, (an MDOC inspector), (3) Unknown Chauvez (an MDOC mailroom employee), (4) McKenna Thayler (Whitley's criminal appellate attorney), (5) Jacqueline McCann (Whitley's criminal appellate attorney), (6) Brandon Carter (a state prosecutor associated with Whitley's criminal case), (7) Jon Metiva (a police officer associated with Whitley's criminal case), (8) Cynthia Bullington (an administrator at the Michigan Attorney Grievance Commission), and (9) Evan Callanan (Whitley's state criminal trial attorney). *See* ECF No. 1, PageID.2-5.

Whitley asserts that Defendants Metiva and Carter were aware of exculpatory videos found on Whitley's phone after his arrest that were suppressed or tampered with prior to his trial. ECF No. 1 at PageID.7. He further asserts that his appellate lawyers, Defendants McCann and Thayer, refused to receive legal mail sent by him from prison regarding this issue. *Id.* at PageID.8. While his direct appeal was pending, Whitley asserts that he was issued a citation at his facility by Defendants Chauvez and Jensen regarding the legal mail returned to him by appellate counsel. *Id.* Whitley claims that these Defendants prevented him from receiving the returned mail. *Id.* Whitley's further asserts that his complaints about these events were deleted by Defendant JPay. *Id.* at PageID.9. Finally, Whitley asserts that he filed

grievances regarding his attorney's actions, but the Attorney Grievance Commission did not provide effective relief. *Id.* at PageID.18-21.

Whitley asserts that as a result of Defendants' actions he was illegally convicted and imprisoned in violation of his constitutional rights, and he was prevented from raising a valid issue on appeal. ECF No. 1 at PageID.9. Whitley seeks a federal criminal prosecution of Defendants, $42,000,000 in damages "for being wrongfully convicted, kidnapped, held hostage, and mentally abused against my own will," and his release. *Id.* at PageID.10.

## II.

Civil complaints filed by a *pro se* prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in

support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

### III.

Here, the Complaint is subject to summary dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). A prisoner may not seek damages in a civil action for an allegedly erroneous conviction and sentence until such time as they are invalidated. In *Heck* the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

In this case, Whitley challenges the validity of his conviction and sentence. He asserts that his conviction was illegally obtained by the suppression of exculpatory evidence and that further illegal acts prevented him from presenting the suppression issue on appeal. Success on his claim would necessarily demonstrate the invalidity of his confinement. *See Heck*, 512 U.S. at 487. Whitley, however, has not alleged or proven that his conviction or sentence has been invalidated. Accordingly, this action is barred by *Heck*.

The proper instrument for a state prisoner to challenge a criminal conviction or sentence is a direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Bey v. Gulley*, No. 02-71395, 2002 WL 1009488, at *2 (E.D. Mich. May 6, 2002); *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) ("The idea [behind *Heck*] is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus.").

The Court will not convert this civil rights complaint into a petition for a federal writ of habeas corpus:

> When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id*.

*Bey*, 2002 WL 1009488, at *2.

Accordingly, until such time as Whitley alleges that a court invalidated his conviction and sentence on appeal or on habeas review, *Heck* bars his claim for damages.

## IV.

For these reasons, the Court **SUMMARILY DISMISSES** the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court further certifies

that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

       **IT IS SO ORDERED**.

Dated:   December 29, 2025                        <u>s/Brandy R. McMillion</u>
                                                          Hon. Brandy R. McMillion
                                                          United States District Judge